No. 2459.

## Anthony Peterson *v.* The State.

1. Uttering a Forged Instrument—Indictment.—See the statement of the case for the charging part of an indictment *held* sufficient to charge the offense of knowingly uttering a forged instrument.
2. Practice—Continuance.—Failing to show the probable truth of the absent testimony, and being otherwise insufficient in substance, the application for continuance in this case was properly refused.
3. Same—Definitions—Charge of the Court.—"Knowingly" and "pass," as those words are used in the statute denouncing the offense of uttering a forged instrument, are not words of technical signification, and the omission of the trial court to define the same to the jury was not error.
4. Same—Sentence—Practice in Court of Appeals.—The conviction as shown by the verdict, being for uttering a forged instrument, and the sentence erroneously reciting that it was for forgery, the sentence is reformed by this court to conform to the verdict.

Appeal from the District Court of Montgomery. Tried below before the Hon. James Masterson

The second count of the indictment, being that under which the conviction was had, reads as follows:

' " \* \* \* \* \* And the grand jurors aforesaid, upon their oaths in said court, do further present that Anthony Peterson, on the second day of December, in the year of our Lord 1886, in the county of Montgomery, in the State of Texas, did wilfully, knowingly and fraudulently pass, as true, to Thomas J. Peel, a forged instrument in writing, purporting to be the act of another, to wit: one William Ford, which said false instrument in writing is to the tenor following:

'Dec 2th 1886
William ford
       Mr Tom peels
pleas pay Anderson Roberson for 14 cords of wood at $1.10 per cord        William ford';

Which said false and forged instrument in writing was addressed to Mr. Tom peels, meaning and intending thereby Thomas J. Peel; and by which said false and forged instrument in writing the said Thomas J. Peel was requested and directed to pay Anderson Roberson, meaning and intending thereby the said Anthony Peterson, for fourteen cords of wood at one dollar and ten cents per cord; which said instrument in writing the the said Anthony Peterson then and there knew to be forged, and did then and there so pass the same as true, with the intent to injure and defraud, contrary," etc. The penalty imposed by the verdict was a term of two years in the State penitentiary.

Thomas J. Peel, testifying for the State, identified the order in evidence as the one presented to him by the defendant under the name of Anderson Roberson, and on which he paid the defendant the sum of five dollars and ten cents. William Ford was a negro to whom witness had let a sub-contract for wood furnishing. Defendant represented himself to be the Anderson Roberson named in the order as payee, and that the sum stated was the amount due him by William Ford, and the order a genuine instrument.

William Ford testified for the State, in substance, that the defendant cut wood for him one day only. Witness could neither read nor write. He did not write the order in evidence, nor did he sign it, nor did he authorize George Robinson or any other person to write it for him. The order was wholly spurious.

A witness for the defense testified that one George Robinson, the half-brother of William Ford, and who generally did writing for William Ford, so far as witness knew, wrote at the dictation of Ford. Defendant's wife testified that defendant could neither read nor write, and that, if he left home, except to haul some water on the day which, according to her understanding, was the day of the alleged offense, she did not know it. It was proved that the point at which the defendant lived was ten miles distant from the town of Montgomery, in which the alleged forged instrument was passed.

*W. P. McCombs* and *W. W. Meacham*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. There are two counts in the indictment, the first charging forgery, and the second the knowingly passing of a forged instrument. This conviction is upon the second count. We are of the opinion that the indictment is sufficient. The *inuendo* averments therein were unnecessary, and, in testing the sufficiency of the indictment, they may be treated as surplusage. Without them the indictment alleges fully and correctly the offense of which the defendant has been convicted.

There was no error in refusing to grant the defendant's application for a continuance. It does not comply strictly with the statute, and the absent testimony, in so far as the same was not supplied by other testimony on the trial, can not be regarded as probably true, when considered with the positive proof of the identity of the defendant as the person who passed the forged instrument.

There is no material error in the charge of the court. It follows the language of the statute defining the offense of knowingly passing as true a forged instrument, having already explained to the jury the offense of forgery. It was unnecessary, we think, to define in the charge the words "knowingly" and "pass." These are not words of technical signification, but words the meaning of which is commonly known, and with respect to which it is not at all probable that the jury were ignorant, or could have been mistaken to the prejudice of the defendant's rights. No such exception to the charge of the court was made and saved at the time of the trial as demands

a revision of the charge for other than material errors, and we find none such in the charge.

There is an error in the sentence, which we will here correct. It is recited therein that the conviction is for *forgery*. The sentence is reformed so as to recite that the defendant is convicted of knowingly passing as true a forged instrument in writing.

Finding no error in the conviction the judgment is affirmed.

*Affirmed.*

Opinion delivered February 22, 1887.